FILED

SEP 28 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: **17MJ8995** |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Lizbenia Yanet RODRIGUEZ-Herrera, | |
| Defendant. | |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on September 21, 2017, to determine whether the defendant, Lizbenia Yanet RODRIGUEZ-Herrera, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U.S. Attorney Seth Gagliardi appeared on behalf of the United States. Attorney Michelle Angeles of Federal Defenders of San Diego, Inc. appeared on behalf of Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' report, and the criminal complaint issued against the Defendant on September 18, 2017, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 17MJ8995 with the importation of 11.84 kilograms (26.05 pounds) of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 960(b)(1)(H). According to the United States Sentencing Guidelines, the Base Offense level is 34. <u>See</u>, USSG § 2D1.1(c)(3). Assuming the Defendant's criminal history score places her in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On September 16, 2017, at approximately 8:55 a.m., Lizbenia Yanet RODRIGUEZ-Herrera (RODRIGUEZ) attempted to enter into the United States through the vehicle lanes of the Calexico, California East Port of Entry.

2. Customs and Border Protection Officer (CBPO) E. Chong observed a black Saturn VUE (Saturn) bearing Baja California, Mexico license plates approached his lane for inspection. RODRIGUEZ was the passenger of the vehicle being driven by her sister, Elsa Beatriz RODRIGUEZ-Herrera (E.RODRIGUEZ). RODRIGUEZ' fifteen year old daughter, M.A.C.R., was the rear passenger in the Saturn. CBPO Chong stated E. Rodriguez claimed they were traveling to San Diego, California and only declared food in the vehicle.

2

3. CBPO S. Ceja was operating the Z-Portal x-ray system and noticed anomalies in the spare tire of the Saturn. CBPO Ceja referred the vehicle for further inspection.

4. RODRIGUEZ stated she was the owner of the Saturn and she asked her sister to drive the vehicle because she was tired.

5. A Human and Narcotics Detector Dog (HNDD) alerted to the spare tire of the vehicle during the screening. An intrusive search of the spare tire revealed 25 cellophane vacuum sealed packages. A field test of a package tested positive for the properties of methamphetamine. The 25 packages had a combined weight of 11.84 kgs (26.05 lbs).

6. RODRIGUEZ stated that an associate of hers, named "Sergio" was responsible for putting the narcotics in her vehicle. RODRIGUEZ stated that "Sergio" provides financial support to her. RODRIGUEZ stated that her sister E. RODRIGUEZ and daughter M.A.C.R. had no knowledge of the narcotics located in the vehicle.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3)):

1. The Defendant is a citizen of Mexico.

2. The Defendant resides in Mexicali, Mexico.

3. The Defendant has no legal right to remain or work in the United States as she possessed only a Border Crossing card.

4. The Defendant does not have criminal history.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)):

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 17MJ8995, to wit: the importation of 11.84 kgs (26.05 lbs) of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21, U.S.C., §§ 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the

offense charged in the Complaint. Therefore, she has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings. See, 18 U.S.C. § 3142 (e).

## III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//

//

//

| | |
|---|---|
| 1 | While in custody, upon order of a court of the United States or upon the request of |
| 2 | an attorney for the United States, the person in charge of the correctional facility shall |
| 3 | deliver the Defendant to the United States Marshal for the purpose of an appearance in |
| 4 | connection with a court proceeding or any other appearance stipulated to by defense and |
| 5 | government counsel. |

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 9-28-2017

HON. PETER C. LEWIS
U.S. MAGISTRATE JUDGE

Prepared by:

ALANA W. ROBINSON
Acting United States Attorney

SETH GAGLIARDI
Assistant U.S. Attorney

cc: Michelle Angeles
Federal Defenders of San Diego, Inc.

5